# In the United States Court of Federal Claims

No. 23-934
Filed: July 12, 2023

|  |
|---|
| **CHRISTOPHER STEWART,** <br><br> *Plaintiff,* <br><br> v. <br><br> **THE UNITED STATES,** <br><br> *Defendant.* |

## ORDER DISMISSING COMPLAINT

      To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees or request authorization to proceed without prepayment of fees by applying to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915. Pro se Plaintiff, Christopher Stewart ("Mr. Stewart"), filed this suit without doing either. (*See* Compl., ECF No. 1). On June 22, the Court ordered Mr. Stewart to either submit a completed application to proceed *in forma pauperis* or pay the filing fee in full by July 7, 2023. (ECF No. 6). Mr. Stewart has failed to comply with the Court's Order. Because Mr. Stewart failed to pay the requisite fees and has not been granted *in forma pauperis* status, he cannot pursue this litigation. Therefore, the Court hereby **DISMISSES** his Complaint pursuant to RCFC 41(b).

      Even had Mr. Stewart cured the relevant administrative defects, his Complaint would be dismissed for lack of subject-matter jurisdiction. RCFC 12(h)(3). The Court has "an independent obligation" to ensure subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Therefore, the Court analyzes pleadings to determine if the allegations invoke the Court's limited jurisdiction which only extends to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the United States; or (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money by the United States. *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004).

      If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(h)(3); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (allowing *sua sponte* dismissal). There is "no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011). Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), leniency cannot be extended to relieve pro se plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). The Court may excuse ambiguities, but not defects. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015).

Mr. Stewart seeks $13,653,100 in damages for alleged constitutional violations. (Compl. at 2). Mr. Stewart states:

> The United States District Court violated the 14th ammendment [sic][,] 5th ammendment [sic][,] also the court violated the 11th ammendment [sic] violations of the plaintiffs rights pursuant to 28:1332 under the legleslative [sic] accountability act[,] also fraud to clains [sic] all under the US court and on behalf of the intergrity [sic] of a United States court the petition of damages is for the amount of $13,653,100.00 for 28:1332 ET AL and Motor Vehicle Personal Injury the Defendant is under judgement [sic] by deafault [sic] and Bankruptcy Rule 705[.]

(Compl. at 2). When read liberally, the Complaint alleges that the U.S. District Court for the Middle District of Louisiana violated Mr. Stewart's constitutional and statutory rights adjudicating a 2019 personal injury lawsuit.[1] (Compl. at 1–2). Mr. Stewart also appears to allege that a county court in Colorado wronged him while adjudicating his criminal charges. (*Id.*).

As an initial matter, this Court lacks authority to review allegations of misconduct by other courts. *See* 28 U.S.C. §§ 351, 363; Rules for Judicial-Conduct and Judicial-Disability Proceedings 7(a)(1). This Court may not review judicial decisions of the U.S. District Court for the Middle District of Louisiana or Colorado trial courts. *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (explaining that the Court of Federal Claims "does not have jurisdiction to review the decision[s] of district courts" and "cannot entertain . . . claim[s] that require[ ] the court to scrutinize the actions of another tribunal") (internal quotes omitted); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that the Court of Federal Claims "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts"); *Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019) ("[T]he Claims Court is without jurisdiction to scrutinize the actions of another tribunal."). To the extent his claims invoke judicial misconduct, Mr. Stewart may not pursue those theories in this Court.

Regarding specific constitutional violations, Mr. Stewart again fails to establish jurisdiction. Plaintiffs alleging a takings claim "must show that the United States, by some specific action, took a private property interest for public use without just compensation." *Arbelaez v. United States*, 94 Fed. Cl. 753, 762 (2010) (internal quotations and citations omitted). Although the Fifth Amendment's Takings Clause is a money-mandating source of law for purposes of Tucker Act jurisdiction, *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008), Mr. Stewart is still required to plead his claim by a preponderance of evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (determining

---

[1] In addition to litigation related to his 2019 personal injury lawsuit, Mr. Stewart has filed at least two complaints in Colorado Federal Courts. Both were dismissed, in part, for failure to comply with FRCP 8(a)(2)(2). *See Stewart v. City and County of Denver*, 21-cv-2506; *Stewart v. City and County of Denver District Court*, 22-cv-1156.

proceeding pro se does not relieve plaintiffs from burden to demonstrate jurisdiction by a preponderance of the evidence). Mr. Stewart's Complaint is desolate of facts alleging that the United States is liable for a takings claim. Instead, the Complaint contains conclusory statements that the United States is involved without any facts supporting how it effectuated a taking. (*Id.*). Similarly, in the context of a judicial takings claim, the Court of Federal Claims does not possess jurisdiction to review the decision of a United States district court if "resolution of [a plaintiff's] judicial takings claim depends on the Court of Federal Claims' finding that the [district court's] decision was in error." *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1386 (Fed. Cir. 2017). Because Mr. Stewart fails to meet the elements necessary to plead a takings claim, this Court lacks jurisdiction. *See Mandry v. United States*, 165 Fed. Cl. 170, 172–73 (2023).

The Court also reads Mr. Stewart's allegations to implicate the Due Process Clause of the Fourteenth Amendment. (Compl. at 2). However, the Fourteenth Amendment is not money-mandating. *Hawkins v. United States*, 748 F. App'x 325, 326 (Fed. Cir. 2019) ("[T]he Due Process . . . Clause[] of the Fourteenth Amendment [is] not [a] source[] of substantive law that create[s] the right to money damages, i.e., [is] not money-mandating."). Therefore, this Court lacks subject-matter jurisdiction over Mr. Stewart's Due Process claim.

The Eleventh Amendment confers waivable immunity upon sovereign entities, prohibiting federal courts from hearing cases in which a state is sued by an individual from another state or country. U.S. Const. Amend. 11. However, it does not occasion protections to private actors. *See id.* Additionally, the Eleventh Amendment is not considered a money-mandating provision of the Constitution. *See Fullard v. United States*, 78 Fed. Cl. 294, 301 n.12 (2007). This Court therefore lacks subject matter jurisdiction over Mr. Stewart's Eleventh Amendment claim as a matter of law.

Pursuant to RCFC 41(b), Mr. Stewart's Complaint is **DISMISSED** for failure to either remit the appropriate filing fee or comply with *in forma pauperis* filing requirements. Further, the Court notes that it lacks subject-matter jurisdiction over Mr. Stewart's claims. The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge